591 So.2d 1333 (1991)
Adesina OYEFODUN
v.
Ike SPEARS, ABC Insurance Co., et al.
No. 91-CA-0405.
Court of Appeal of Louisiana, Fourth Circuit.
December 30, 1991.
James D. Carriere, Dwight L. Acomb, Habans, Bologna & Carriere, New Orleans, for plaintiff-appellant Adesina Oyefodun.
Walter F. Marcus, III, Joanne Cain Marier, New Orleans, for defendants-appellees Ike Spears and the Home Ins. Co.
Ernest Lee Caulfield, Maurice A. Williams, New Orleans, for defendant-appellee Ernest L. Caulfield.
Before BARRY, KLEES, CIACCIO and LOBRANO, JJ., and GULOTTA, J. Pro Tem.
KLEES, Judge.
Plaintiff, Adesina Oyefodun, appeals the granting of defendant's exception of pre-maturity to the legal malpractice action. After reviewing the facts and applicable law, we reverse and remand for a trial on the merits.
On November 18, 1987, plaintiff filed a medical malpractice lawsuit against Dr. Blanda, Lafayette Bone and Joint Clinic and Lafayette General Hospital. On February 2, 1988, Blanda filed an exception of prematurity to the medical malpractice action based on La.R.S. 40:1299.37, which requires a claim against a health care provider to be reviewed by a medical review panel prior to filing a lawsuit. No party opposed this motion and the matter was removed from the docket. However, no judgment was entered until September 26, 1990.
The medical review panel rendered its opinion on June 12, 1989. The Medical Malpractice Act La.R.S. 40:1299.47 suspends the time within which a malpractice *1334 action can be brought against a qualified health care provider until 90 days following notification by certified mail to the claimant of the issuance of the opinion by the medical review panel. Notification by certified mail was sent on September 12, 1989. Therefore, the last day for plaintiff's attorneys in the medical malpractice action, Ike Spears and Ernest Caulfield, to have timely field suit against Dr. Blanda was December 11, 1989, as set forth in La.R.S. 40:1299.47. No suit was ever filed.
On June 12, 1990, plaintiffs brought this legal malpractice action against his attorneys arguing that they allowed the medical malpractice action to prescribe due to their failure to file a lawsuit on behalf of plaintiff against Dr. Blanda within the 90 days following their notification of the medical review panel decision, as required by La. R.S. 40:1299.47.
Defendants filed an exception of prematurity on the basis that the underlying medical malpractice action was still alive because judgment on the exception of prematurity in the medical malpractice action was never signed. The trial court granted the exception of prematurity, dismissing the action without prejudice. Plaintiff filed a motion for a new trial which was denied. This appeal followed.
A suit is premature if it is brought before the right to enforce it has accrued. La.Code of Civil Procedure art. 423. Prematurity is determined by the facts existing at the time suit is filed. Sevier v. U.S.F. & G, 497 So.2d 1380 (La.1986). This legal malpractice action is not premature. The action would be premature if it had been filed before the 90 days had elapsed. However, ninety days passed and no suit was filed. Therefore, the action or inaction allegedly constituting malpractice has occurred. Nevertheless, the legal and factual issues of whether these actions of inactions constitute malpractice and whether the claim against the doctor has prescribed address the merits of the legal malpractice action. Accordingly, we reverse and remand the case to the trial court for a trial on the merits.
REVERSED AND REMANDED
BARRY and LOBRANO, JJ., concur.
BARRY and LOBRANO, Judges, concurring.
Irrespective of the merits of the prescription arguments in the medical malpractice suit, the district court has dismissed Dr. Blanda and Lafayette Bone and Joint Clinic. Hence, this legal malpractice claim is not premature.